UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES ALEXANDER STOKELY, JR.,**

    **Plaintiff,**

v.                                                     Case No. 8:22-cv-2742-AAS

**MARTIN O'MALLEY,
Commissioner of the Social
Security Administration,**[1]

    **Defendant.**
_____/

## ORDER

    Plaintiff James Alexander Stokely, Jr. requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the hearing before the Administrative Law Judge (ALJ), the administrative record, and the parties' briefs, the Commissioner's decision is **REMANDED**.

**I.    PROCEDURAL HISTORY**

    Mr. Stokely applied for DIB on January 13, 2021, alleging a disability

---

[1] On December 20, 2023, Martin J O'Malley became the Commissioner of the Social Security Administration.

onset date of June 25, 2020. (Tr. 116, 253–60). Disability examiners denied Mr. Stokely's application initially and on reconsideration. (Tr. 98–115, 118–27, 136–45, 148–56). Following a hearing, the ALJ issued a decision unfavorable to Mr. Stokely on August 15, 2022. (Tr. 28–42). The Appeals Council denied Mr. Stokely's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1–7). Mr. Stokely now requests judicial review of the Commissioner's decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Mr. Stokely was 44 years old on his alleged disability onset date and 46 years old on the date the ALJ issued his decision. (Tr. 27). Mr. Stokely has a GED and past work as a driver, line locator, warehouse worker, and furniture rental consultant. (Tr. 25, 289). Mr. Stokely alleged disability due to post-traumatic stress disorder (PTSD), anxiety, aggression, sleep apnea, insomnia, tinnitus, plantar fasciitis in both feet, eczema, chronic pain, hypertension, migraines, and pinched nerve in cervical spine/lower back. (Tr. 288).

### B.   Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[2]

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[3] he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing work that exists in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

    The ALJ determined Mr. Stokely had not engaged in substantial gainful

---

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

[4] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R. § 404.1545(a)(1).

activity since June 25, 2020, his alleged disability onset date. (Tr. 13). The ALJ found Mr. Stokely has these severe impairments: PTSD, anxiety disorder, major depressive disorder, plantar fasciitis, degenerative disc disease, neuropathy, and headaches. (*Id.*). However, the ALJ concluded Mr. Stokely's impairments or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 15).

The ALJ found Mr. Stokely had an RFC to perform sedentary work[5] with these limitations:

> [H]e can stand or walk approximately two hours in an eight-hour workday and sit for six hours in an eight-hour workday with normal breaks. He is limited to jobs that can be performed while using a handheld assistive device for prolonged ambulation. He can never climb ladders, ropes, or scaffolds and can occasionally do all other posturals, including climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling. He must avoid concentrated exposure to excessive noise and avoid even moderate exposure to hazards. He is limited to understanding, remembering, carrying out, and performing simple routine tasks and instructions reasoning level one or two. He can have occasional interaction with the public, coworkers, and supervisors.

(Tr. 17–18).

Based on these findings and the testimony of a vocational expert, the

---

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

4

ALJ determined Mr. Stokely could not perform his past relevant work but could perform other work that exists in significant numbers in the national economy. (Tr. 25–26). Specifically, Mr. Stokely could perform work as a clerical addresser, a surveillance system monitor, and a semiconductor bonder. (Tr. 26). As a result, the ALJ found Mr. Stokely was not disabled from June 25, 2020, through the date of the decision. (*Id.*).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial

evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.   Issue on Appeal

Mr. Stokely argues the ALJ failed to apply the correct legal standard to the medical opinions of Jacqueline Scheff, Psy.D. (Doc. 13, pp. 6–11). In response, the Commissioner contends Dr. Scheff's psychological examination report does not contain any medical opinions as defined under the new Regulations, but her statements were on issues reserved to the Commissioner, and therefore, the ALJ was not required to evaluate the persuasiveness of her report. (Doc. 18, pp. 5–13).

On February 23, 2021, Dr. Scheff completed a Review Post Traumatic Stress Disorder Disability Benefits Questionnaire for the VA after completing an examination of Mr. Stokely via a telehealth appointment. (Tr. 610–20). Dr.

Scheff reviewed Mr. Stokely's treatment, service, and assessment records conducted prior to the appointment and prior to the release of the examination report. (Tr. 610). In the examination report, Dr. Scheff stated Mr. Stokely suffered from "[o]ccupational and social impairment with reduced reliability and productivity." (Tr. 611). In addition, Dr. Scheff opined Mr. Stokely suffered from "[a]voidance of or efforts to avoid distressing memories, thoughts, or feelings about or closely associated with the traumatic event(s)" and "[a]voidance of or efforts to avoid external reminders (people, places, conversations, activities, objects, situations) that arouse distressing memories, thoughts, or feelings about or closely associated with the traumatic event(s)." (Tr. 616). Dr. Scheff further opined Mr. Stokely suffered from "[p]ersistent and exaggerated negative beliefs or expectations about oneself, others, or the world"; "[i]rritable behavior and angry outbursts (with little or no provocation) typically expressed as verbal or physical aggression toward people or objects"; and problems with concentration. (*Id.*). Dr. Scheff's examination report noted Mr. Stokely's PTSD symptoms that "cause clinically significant distress or impairment in social, occupational, or other important areas of functioning." (*Id.*). For VA rating purposes, Dr. Scheff opined Mr. Stokely's active PTSD symptoms were depressed mood; anxiety; suspiciousness; panic attacks; disturbances of motivation and mood; difficulty in establishing and

maintaining effective work and social relationships; and difficulty in adapting to stressful circumstances, including work or a work-like setting. (*Id.*).

"Prior to March 27, 2017, the Commissioner's [R]egulations required the ALJ to give a treating physician's opinion substantial weight" and failure to do so "required the ALJ to show good cause," while also requiring "that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their expertise) be given more weight than non-specialists." *Spikes v. Kijakazi*, No. CV 320-036, 2021 WL 4318314, at *4–5 (S.D. Ga. Sept. 1, 2021) (citations and internal marks omitted), adopted by 2021 WL 4317993, at *1 (S.D. Ga. Sept. 22, 2021).

Under the new Regulations, the ALJ "must now determine the persuasiveness of medical opinions by considering supportability, consistency, nature and length of the treatment relationship, specialization, and other miscellaneous factors." *Id.* (citing 20 C.F.R. § 404.1520c(c)). Because "supportability and consistency are the most important factors, the ALJ must articulate how these factors were considered for a medical source's opinions, but an ALJ is not required to articulate consideration of the remaining factors." *Id.* (citations omitted*); see also Matos v. Comm'r of Soc. Sec.*, No. 21-11764,

2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022) (citation omitted); *Rambo v. Comm'r of Soc. Sec.*, No. 6:20-cv-1527-DCI, 2021 WL 5843106, at *2 (M.D. Fla. Dec. 9, 2021) (citation omitted); *Diaz-Ortiz v. Comm'r of Soc. Sec.*, No. 2:20-cv-134-MRM, 2021 WL 4205850, at *4, 9 (M.D. Fla. Sept. 16, 2021) (citation omitted). In assessing these two factors, the ALJ's "analysis focuses on whether the medical source's opinion is supported by the objective medical evidence and supporting explanations and consistent with the other medical and nonmedical sources in the record." *Spikes*, 2021 WL 4318314, at *5 (citations omitted).

The threshold question is whether Dr. Scheff's Disability Benefits Questionnaire for the VA is a "medical opinion" within the meaning of the Regulations. Under the new Regulations, a "medical opinion is a statement from a source about what [the claimant] can still do despite [his] impairment(s) and whether [he] [has] one or more impairment-related limitations or restrictions," and regarding his "ability to perform mental demands of work activities," those abilities include "understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting[.]" 20 C.F.R. § 404.1513(a)(2)(ii); *see also Planas ex rel. A.P. v. Comm'r of Soc. Sec.*, 842 F. App'x 495, 497 n.1 (11th Cir. 2021) (per curiam) (citations omitted). "Other medical evidence is evidence from a medical source that is not

9

objective medical evidence or a medical opinion, including judgments about the nature and severity of [claimant's] impairments, [his] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3). And "the [R]egulations assert that statements on issues reserved to the Commissioner, such as statements that a [claimant] can or cannot work, will constitute evidence that is inherently neither valuable nor persuasive." *Rambo*, 2021 WL 5843106, at *6 (citations and internal marks omitted).

"As to other agency determinations, such as a VA disability determination, the new [R]egulations state that [the Commissioner] will not provide any analysis in [the] determination or decision about a decision made by any other governmental agency . . . about whether [a claimant is] disabled, blind, employable, or entitled to benefits,'" *Ruffin v. Kijakazi*, No. CV 120-177, 2021 WL 6205824, at *4 (S.D. Ga. Dec. 9, 2021) (quoting 20 C.F.R. § 404.1504), adopted by 2022 WL 19641, at *1 (S.D. Ga. Jan. 3, 2022), and "the [R]egulations specify that VA disability ratings constitute evidence that is inherently neither valuable nor persuasive," *Ruffin*, 2021 WL 6205824, at *4 (citation and internal marks omitted). "Nevertheless, the [R]egulations require the ALJ to consider all the supporting evidence underlying the other governmental agency['s] . . . decision that [the ALJ] receive[s] as evidence in [a

claimant's] claim." *Id.* (citations and internal marks omitted).

In *James W. v. Comm'r of Soc. Sec.*, the court considered other circuits' decisions involving a VA questionnaire-styled form like Dr. Scheff's examination report. No. 3:20-cv-00116, 2022 WL 17078899, at *10 (N.D. Ga. Mar. 29, 2022)*; see Johnathan W. v. Saul,* No. 6:19-CV-1242 (CFH), 2021 WL 1163632, at *4–5 (N.D.N.Y. Mar. 26, 2021)*; Christopher M. V. v. Comm'r of Soc. Sec.,* No. 1:19-cv-01500 (JJM), 2021 WL 804258, at *2-4 (W.D.N.Y. Mar. 3, 2021). *James W.* and the cases it cites explain that a medical provider's statements, which are made in connection with an examination for another agency, will constitute a medical opinion if the statements address the claimant's limitations and functional abilities related to work. 2022 WL 17078899, at *10–12; *see Acosta v. Comm'r of Soc. Sec.*, No. 8:21-cv-306-MSS-TGW, 2023 WL 6940259, at *1–3 (M.D. Fla. Mar. 20, 2023) (analyzing workers' compensation questionnaire and remanding because the "ALJ was only free to disregard . . . references to 'Total Disability' or '100% disabled,' but not the remaining medical opinions included within the reports").

The ALJ's decision does not discuss the supportability or consistency of Dr. Scheff's medical opinions included within her examination report, which address Mr. Stokely's limitations and functional abilities related to work. Thus, remand is necessary. *See, e.g., Pastrana Rodriguez v. Comm'r of Soc.*

11

*Sec.*, No. 6:22-cv-645-DNF, 2023 WL 5030798, at *3–4 (M.D. Fla. Aug. 8, 2023) (remanding for further consideration of VA Examination where doctor "found that the plaintiff's levels of distress, anxiety, and depression suggested that he would have significant problems with productivity" and reliability); *Jerona K. v. Comm'r, Soc. Sec. Admin.*, No. 1:22-cv-2081-CMS, 2023 WL 5491901, at *7–8 (N.D. Ga. June 29, 2023) ("Other courts have concluded that certain portions of C&P [compensation and pension] questionnaires may be considered medical opinions as defined in 20 C.F.R. § 404.1513(a)(2).") (collecting cases).

## IV. CONCLUSION

Accordingly, the Commissioner's decision is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order. The Clerk of Court is directed to enter judgment for Mr. Stokely and close the case.

**ORDERED** in Tampa, Florida on January 31, 2024.

*[Signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge