UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES ALEXANDER STOKELY, JR.**,

    Plaintiff,

v.                                                           Case No.  8:22-cv-02742-AAS

**FRANK BISIGNANO,**[1]
**Commissioner of Social Security,**

    Defendant.
_____/

## ORDER

Plaintiff James Alexander Stokely's counsel moves for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $14,658.00. (Doc. 35) The Commissioner neither supports nor opposes the motion.[2] (*Id.* at p. 3).

Mr. Stokely applied for social security disability benefits, which was denied initially and on reconsideration. (Tr. Tr. 98–115, 118–27, 136–45, 148–

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Leland Dudek as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

56). Mr. Stokely then requested a hearing before an Administrative Law Judge (ALJ), who found Mr. Stokely not disabled. (Tr. 28–42). The Appeals Council denied Mr. Stokely's request for review of the ALJ's decision. (Tr. 1–7). Mr. Stokely then filed a complaint in this court. (Doc. 1). The court remanded the ALJ's decision for further consideration, and the Clerk entered judgment for Mr. Stokely. (Docs. 19, 20). The Commissioner found Mr. Stokely disabled on remand.

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed 25% of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Social Security Administration awarded Mr. Stokely past-due benefits of $58,632.00 and withheld $14,658.00 to pay attorney's fees. (Doc. 23, Exs. 2, 3). Mr. Stokely's counsel now requests this amount.

The court awarded Mr. Stokely $4,022.84 in attorney's fees under the EAJA. (Doc. 22). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012). However, Mr. Stokely's counsel did not receive any EAJA fees because the amount awarded was taken by the United States Department of the Treasury to pay Mr. Stokely's State Tax Obligation. (Doc. 23, Ex. 4).

Accordingly, it is **ORDERED** that the Motion for Attorney's Fees Under

42 U.S.C. § 406(b) (Doc. 22) is **GRANTED**. Mr. Stokely's counsel is awarded **$14,658.00** in attorney's fees.

**ENTERED** in Tampa, Florida, on October 30, 2025.

*Amanda Arnold Sansone*
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge